UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*FILED*
*03 MAY 29 AH 10: 49*

MICHAEL A. GBADEBO

        Appellant,

   v.

ABRAHAM OSHUNTOLA,

        Appellee.
_____/

No. C- **08-02700   SC**

RE:

   Bankruptcy Case:  00-40301

   Adversary No.:  07-04110

   BAP No.:  NC-0 8-111 8

   Appellant:

   The appeal has been assigned the following case number, C- **08-02700**

before the Honorable Samuel Conti.

   Upon the completion by parties of the perfection of the record pursuant to BR 8006

and 8007, the Bankruptcy Court will transmit a copy of the record on appeal to this court

for docketing.

   Pursuant to Fed. R. Bankr. P. 8010 and B.L.R. 8010-1, the appellant must serve and

file a brief not exceeding 25 pages in length 30 days after the record on appeal has been

entered on the District Court docket.

The appellee must serve and file a brief not exceeding 25 pages in length 20 days after service of appellant's brief.  If the appellee has filed a cross-appeal, the brief of appellee must contain the issues and argument pertinent to the cross-appeal, denominated as such.


The appellant must serve and file a reply brief not exceeding 15 pages in length 10 days after service of appellee's brief.  If the appellee has filed a cross-appeal, the appellant must include its opposition in its reply brief.

The appellee may serve and file a reply to the opposition to any cross appeal not exceeding 15 pages in length 10 days after service of appellant's brief.

Pursuant to B.L.R. 8010-1, upon completion of the briefing, the assigned District Judge will set a date for oral argument, if needed; otherwise, the matter will be deemed submitted for decision.


Dated: May 29, 2008

                                           For the Court
                                           Richard W. Wieking, Clerk


                                           By Deputy Clerk

cc: USBC
    Counsel of Record                            MARY ANN BUCKLEY

2

Bkcy Intake (5-08)

3

# U.S. Bankruptcy Appellate Panel
## of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**RE: MICHAEL A. GRADEBO**          CV 08 2700                SC

**Appellant:** Michael A. Gradebo

**BAP No.:** NC-08-1118

**Bk. No.:** 00-40301                    **Adv. No.(s):** 07-04110

### OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy Appellate Panel (BAP) and assigned the case number above. All papers filed with the BAP should be in the form of an original and three copies.

The BAP docket and other court information is available through the National PACER system. http://pacer.bap09.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the BAP. Appeals are also governed by Parts VIII and IX of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), and some parts of the Federal Rules of Appellate Procedure (F.R.A.P.) See 9th Cir. BAP Rule 8018(b)-1.

Pursuant to 9th Cir. Rule 8001(a)-1, please immediately send the BAP Clerk a copy of the signed and entered order or judgment being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is compliance with F.R.B.P 8006 and 8007, which require Appellant to file within 10 days in the bankruptcy court a designation of the record, statement of issues on appeal, and a notice regarding the ordering of transcripts. Under these rules Appellee may also file a supplemental designation of the record and order transcripts. The party ordering the transcripts must make satisfactory arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with the bankruptcy court a notice stating that none are required. See also 9th Cir. BAP R. 8006-1.



The parties should note that the designation of the record under F.R.B.P. 8006 is a necessary procedural step in prosecuting an appeal and the parties may not later include in their excerpts of the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8007(a), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk. This triggers the issuance of the briefing schedule by the BAP clerk. The briefing schedule contains time deadlines and instructions regarding filing of briefs. However, the parties should be aware that the time periods set forth in the briefing schedule are relatively short and extensions of time greater that 15 days are granted only based on a showing of good cause. See F.R.B.P. 8009 and 9th Cir. BAP R. 8009(a)-1.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible scheduled date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request of change time and place are rarely granted.

<u>CERTIFICATE OF MAILING</u>

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Edwina Clay, Deputy Clerk

**Date:** May 5, 2008

1 | Mark S. Bostick (Bar No. 111241)
**WENDEL, ROSEN, BLACK & DEAN LLP**
2 | 1111 Broadway, 24th Floor
Oakland, CA 94607-4036
3 | Telephone: (510) 834-6600
Fax: (510) 834-1928
4 |
Attorneys for Defendant
5 | Abraham Oshuntola

RECEIVED
Harold S. Marenus, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY 1 6 2008

FILED
DOCKETED   5-22-08
DATE   INITIAL

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In Re | Case No. 00-40301 RJN |
| MICHAEL A. GBADEBO, | Chapter 11 |
| Debtor, | |
| | |
| MICHAEL A. GBADEBO, | **Adv. Pro. No. 07-04110** |
| Plaintiff, | **APPELLEE'S STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT INSTEAD OF THE BANKRUPTCY APPELLATE PANEL** |
| vs. | |
| ABRAHAM OSHUNTOLA, | |
| Defendant. | |

Abraham Oshuntola, Defendant and Appellee herein, hereby elects under 28 U.S.C. §158(c)(1) to have this matter heard and determined by the District Court.

Dated: May 12, 2008

WENDEL, ROSEN, BLACK & DEAN LLP

By: _/s/ Mark S. Bostick_
    Mark S. Bostick
    Attorneys for Defendant/Appellee
    Abraham Oshuntola

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036



1   Mark S. Bostick (Bar No. 111241)
    **WENDEL, ROSEN, BLACK & DEAN LLP**
2   1111 Broadway, 24th Floor
    Oakland, CA  94607-4036
3   Telephone:  (510) 834-6600
    Fax:  (510) 834-1928
4
    Attorneys for Defendant
5   Abraham Oshuntola

6

7

8                   UNITED STATES BANKRUPTCY COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12  In Re                              Case No.  00-40301 RJN
                                       Chapter 11
13  MICHAEL A. GBADEBO,

14              Debtor,

15

16  ───────────────────────────

    MICHAEL A. GBADEBO,
17
                Plaintiff,            **Adv. Pro. No. 07-04110**
18
        vs.                          **CERTIFICATE OF SERVICE**
19
    ABRAHAM OSHUNTOLA,
20
                Defendant.
21

22

23

24

25

26

27

28

014869.0001\847643.1    *CERTIFICATE OF SERVICE*                    1

1

## CERTIFICATE OF SERVICE

2

**In re Gbadebo, Case No. 00-40301**
**Gbadebo v. Oshuntola, Adv. Pro. No. 07-04110**

3

4       I, Beverly Colclough, declare:

5       I am a citizen of the United States and am employed in the County of Alameda.  I am over

6   the age of 18 years and not a party to the within-entitled action.  My business address is 1111

7   Broadway, 24th Floor, Oakland, California, 94607-4036.

8       On May 12, 2008, I caused to be served the following document(s):

9

10      **APPELLEE'S STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT
        COURT INSTEAD OF THE BANKRUPTCY APPELLATE PANEL**

11

12  [X]     **(by mail)** by placing a true and correct copy thereof enclosed in a sealed envelope with
            first-class postage prepaid in a designated area for outgoing mail, addressed as set forth

13          below.  At Wendel, Rosen, Black & Dean, LLP, mail placed in that designated area is
            given the correct amount of postage and is deposited that same day, in the ordinary course

14          of business, in a United States mailbox in the City of Oakland, California.

15      Lawrence L. Szabo            *Counsel for Plaintiff/Appellant*
        3608 Grand Ave. #1

16      Oakland, CA 94610-2024

17

18      I declare under penalty of perjury under the laws of the United States of America that the

19  foregoing is true and correct.  Executed on May 12, 2008, at Oakland, California.

20              */s/ Beverly Colclough*_____
                Beverly Colclough

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   Mark S. Bostick (Bar No. 111241)
    **WENDEL, ROSEN, BLACK & DEAN LLP**
2   1111 Broadway, 24th Floor
    Oakland, CA 94607-4036
3   Telephone: (510) 834-6600
    Fax: (510) 834-1928
4
    Attorneys for Defendant
5   Abraham Oshuntola
6

R E C E I V E D
Harold S. Marenus, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY 16 2008

FILED
DOCKETED _5-22-08_
          DATE      INITIAL

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11

12  In Re                              | Case No. 00-40301 RJN
                                       | Chapter 11
13  MICHAEL A. GBADEBO,

14                  Debtor,

15
    MICHAEL A. GBADEBO,                | Adv. Pro. No. 07-04110
16
                    Plaintiff,         | **APPELLEE'S DESIGNATION OF
17                                     | ITEMS TO BE INCLUDED IN THE
         vs.                           | RECORD ON APPEAL**
18
    ABRAHAM OSHUNTOLA,
19
                    Defendant.
20

21

22

23

24

25

26

27

28

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA 94607-4036*

014869.0001\847416.1

*APPELLEE'S DESIGNATION OF ITEMS TO BE*
*INCLUDED IN THE RECORD ON APPEAL*                    1

1    Abraham Oshuntola, Defendant and Appellee herein, hereby designates the following

2    items to be included in the record on appeal:

3

| Filing Date | Docket No. | Description |
|---|---|---|
| 07/14/2000 | 79 | Amended Chapter 11 Plan |
| 08/30/2000 | 97 | Minutes of Hearing |
| 10/04/2000 | 99 | Minutes of Hearing |
| 10/26/2000 | 100 | Order Confirming Chapter 11 Plan |
| 11/07/2002 | 132 | Final Decree |
| 07/18/2007 | 133 | Motion to Reopen Chapter 11 Case |

Dated: May 12, 2008                    WENDEL, ROSEN, BLACK & DEAN LLP


By: /s/ Mark S. Bostick
    Mark S. Bostick
    Attorneys for Defendant/Appellee
    Abraham Oshuntola

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   Mark S. Bostick (Bar No. 111241)
    **WENDEL, ROSEN, BLACK & DEAN LLP**
2   1111 Broadway, 24th Floor
    Oakland, CA  94607-4036
3   Telephone:  (510) 834-6600
    Fax:  (510) 834-1928
4
    Attorneys for Defendant
5   Abraham Oshuntola

RECEIVED
Harold S. Marenus, Clerk
U.S. BKCY.APP.PANEL
OF THE NINTH CIRCUIT

MAY 16 2008

FILED _____
DOCKETED _____
        DATE        INITIAL

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                           OAKLAND DIVISION

11

12  In Re                              | Case No.  00-40301 RJN
                                       | Chapter 11
13  MICHAEL A. GBADEBO,

14                         Debtor,

15  _____

    MICHAEL A. GBADEBO,               | **Adv. Pro. No. 07-04110**
16
                           Plaintiff, | **APPELLEE'S STATEMENT OF
17                                     | ISSUES ON APPEAL**
         vs.
18
    ABRAHAM OSHUNTOLA,
19
                           Defendant.
20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    Abraham Oshuntola, Defendant and Appellee herein ("Oshuntola"), hereby submits the

2  following statement of issues on appeal:

3    Did the bankruptcy court commit reversible error by concluding that Oshuntola's debt was

4  not discharged upon confirmation of Gbadebo's Plan because Oshuntola was not provided with

5  formal notice of the claims bar date, the last day to object to the debtor's Plan, or the Plan

6  Confirmation Hearing Date as required by due process.

7

8  Dated: May 12, 2008                    WENDEL, ROSEN, BLACK & DEAN LLP

9

10                                        By:  /s/ Mark S. Bostick

11                                            Mark S. Bostick
                                             Attorneys for Defendant/Appellee
12                                            Abraham Oshuntola

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  Mark S. Bostick (Bar No. 111241)
   **WENDEL, ROSEN, BLACK & DEAN LLP**
2  1111 Broadway, 24th Floor
   Oakland, CA  94607-4036
3  Telephone:  (510) 834-6600
   Fax:  (510) 834-1928
4
   Attorneys for Defendant
5  Abraham Oshuntola

RECEIVED
Harold S. Marenus, Clerk
U.S.  BKCY.APP.PANEL
OF THE NINTH CIRCUIT

MAY 1 6 2008

FILED _____
DOCKETED _____
          DATE      INITIAL

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12  In Re                              Case No.  00-40301 RJN
                                       Chapter 11
13  MICHAEL A. GBADEBO,

14              Debtor,

15

16  MICHAEL A. GBADEBO,

17              Plaintiff,            **Adv. Pro. No. 07-04110**

18                                     **CERTIFICATE OF SERVICE**

19       vs.

20  ABRAHAM OSHUNTOLA,

21              Defendant.

22

23

24

25

26

27

28

014869.0001\847642.1    *CERTIFICATE OF SERVICE*              1

**CERTIFICATE OF SERVICE**

**In re Gbadebo, Case No. 00-40301**
**Gbadebo v. Oshuntola, Adv. Pro. No. 07-04110**

I, Beverly Colclough, declare:

I am a citizen of the United States and am employed in the County of Alameda. I am over

the age of 18 years and not a party to the within-entitled action. My business address is 1111

Broadway, 24th Floor, Oakland, California, 94607-4036.

On May 12, 2008, I caused to be served the following document(s):

**APPELLEE'S STATEMENT OF ISSUES ON APPEAL**

[X]    **(by mail)** by placing a true and correct copy thereof enclosed in a sealed envelope with
       first-class postage prepaid in a designated area for outgoing mail, addressed as set forth
       below. At Wendel, Rosen, Black & Dean, LLP, mail placed in that designated area is
       given the correct amount of postage and is deposited that same day, in the ordinary course
       of business, in a United States mailbox in the City of Oakland, California.

Lawrence L. Szabo                          *Counsel for Plaintiff/Appellant*
3608 Grand Ave. #1
Oakland, CA 94610-2024

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on May 12, 2008, at Oakland, California.

                                        */s/ Beverly Colclough*
                                        Beverly Colclough

014869.0001\847642.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  LAWRENCE L. SZABO, C.S.B. #83974
2  Attorney at Law
   3608 Grand Avenue
3  Oakland, CA 94610
   510-834-4893
4  Fax: 510-834-9220

5  Attorney for Plaintiff

6

RECEIVED
Harold S. Marenus, Clerk
U. S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY 12 2008

FILED_____
DOCKETED__5-22-08__
            DATE          INITIAL

7

8

9               UNITED STATES BANKRUPTCY COURT
10       NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION
11

12

13  In re:                              No. 00-40301
14  MICHAEL A. GBADEBO
                                        Chapter 11
15        Debtor.
                                        Adv. Proc. No: 07-04110
16  _____/
17  MICHAEL A. GBADEBO,
18        Plaintiff,
19  v.
20  ABRAHAM OSHUNTOLA,
21        Defendant.
22  _____/
23  **APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON**
24                              **APPEAL**
25        Appellant Michael A. Gbadebo, having filed a notice of appeal April 25, 2008 from an

26  order of the bankruptcy court entered April 16, 2008, hereby designates the following items to be

27  included in the record on appeal:

28  <u>Date:</u>    <u>Doc. No.</u>              <u>Description</u>

APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE
RECORD ON APPEAL, PAGE 1
ADV. PROC. NO: 07-04110



| 07/24/2007 | 1 | Complaint by Michael A. Gbadebo against Abraham Oshuntola. |
| 09/14/2007 | 5 | Answer to Complaint filed by Abraham Oshuntola. |
| 01/03/2008 | 8 | Status Conference Statement by Defendant. Filed by Defendant Abraham Oshuntola (Entered: 01/03/2008). |
| 01/23/2008 | 10 | Motion for Summary Judgment Filed by Defendant Abraham Oshuntola. (Entered: 01/23/2008). |
| 01/23/2008 | 11 | Stipulation of Uncontroverted Facts Filed by Defendant Abraham Oshuntola (Entered: 01/23/2008). |
| 01/23/2008 | 12 | Request To Take Judicial Notice in support of Defendant's Motion for Summary Judgment Filed by Defendant Abraham Oshuntola (Entered: 01/23/2008). |
| 02/19/2008 | 16 | Brief/Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Filed by Plaintiff Michael A. Gbadebo. Filed by (Entered: 02/19/2008) |
| 02/25/2008 | 17 | Reply to Opposition to Motion for Summary Judgment Filed by Defendant Abraham Oshuntola (Entered: 02/25/2008) |
| 04/16/2008 | 18 | Order Granting Motion for Summary Judgment (Entered: 04/17/2008) |
| 04/25/2008 | 20 | Notice of Appeal to BAP, Filed by Plaintiff Michael A. Gbadebo (Entered:04/25/2008) |

Appellant also designates the court's docket in this proceeding, No. 07-04110, be part of the record on appeal.

Dated: May 2, 2008

_/s/ Lawrence L. Szabo_
LAWRENCE L. SZABO
Attorney for Appellant

APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE
RECORD ON APPEAL, PAGE 2
ADV. PROC. NO: 07-04110

LAWRENCE L. SZABO, C.S.B. #83974
Attorney at Law
3608 Grand Avenue
Oakland, CA 94610
510-834-4893
Fax: 510-834-9220

Attorney for Plaintiff

RECEIVED
Harold S. Marenus, Clerk
U. S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY 1 2 2008

FILED_____
DOCKETED_____
DATE            INITIAL

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

In re:

MICHAEL A. GBADEBO

     Debtor.

_____/

MICHAEL A. GBADEBO,

     Plaintiff,

v.

ABRAHAM OSHUNTOLA,

     Defendant.

_____/

No. 00-40301

Chapter 11

Adv. Proc. No: 07-04110

## STATEMENT OF ISSUES ON APPEAL

    Michael A. Gbadebo, Plaintiff and Appellant, hereby submits the following statement of issues on appeal:

STATEMENT OF ISSUES ON APPEAL, PAGE 1
ADV. PROC. NO: 07-04110

I.    Did the bankruptcy court err in concluding that in order for a post-petition, pre-confirmation claim to be discharged under 11 U.S.C. § 1141, the holder of the claim must receive formal notice of the bar date deadline for filing a proof of claim, the meeting of creditors, the last day to object to the plan, the proposed plan, the notice of the plan confirmation hearing, and the order confirming the plan?

II.    Did the bankruptcy court err in concluding that constitutional due process requires that in order for a post-petition, pre-confirmation claim to be discharged under 11 U.S.C. § 1141, the holder of such claim be provided formal notice of the bar date deadline for filing a proof of claim, the meeting of creditors, the last day to object to the plan, the proposed plan, the notice of the plan confirmation hearing and the order confirming the plan?

III.    Did the bankruptcy court err in concluding that actual knowledge of a pending Chapter 11 case by the holder of a post-petition, pre-confirmation claim against the debtor does not satisfy constitutional due process requirements so as to allow the discharge of such claim under 11 U.S.C. §1141?

Dated: May 2, 2008

_____/s/ Lawrence L. Szabo_____
LAWRENCE L. SZABO
Attorney for Appellant

STATEMENT OF ISSUES ON APPEAL, PAGE 2
ADV. PROC. NO: 07-04110

LAWRENCE L. SZABO, C.S.B. #83974
Attorney at Law
3608 Grand Avenue
Oakland, CA 94610
510-834-4893
Fax: 510-834-9220

Attorney for Appellant

RECEIVED
Harold S. Marenus, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY   2 2008

FILED_____

DOCKETED_____
        DATE        INITIAL

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

In re:                                        No. 00-40301

MICHAEL A. GBADEBO
                                              Chapter 11
        Debtor.
_____/                      Adv. Proc. No: 07-04110

MICHAEL A. GBADEBO,

        Plaintiff,

v.

ABRAHAM OSHUNTOLA,

        Defendant.
_____/

## NOTICE OF APPEAL

        Michael A. Gbadebo, the plaintiff, appeals under 28 U.S.C. § 158 (a) or (b) from the "Order Granting Motion for Summary Judgment" entered in this adversary proceeding on the 17th day of April 2008. The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Defendant:                    Abraham Oshuntola

NOTICE OF APPEAL, PAGE 1
ADV. PROC. NO: 07-04110

1   Defendant's Attorney:       Mark S. Bostick

2                           WENDEL, ROSEN, BLACK & DEAN LLP

3                           1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Tel: (510) 834-6600

4

5   Plaintiff:                     Michael A. Gbadebo

6   Plaintiff's Attorney:

7                           LAWRENCE L. SZABO
3608 Grand Avenue
Oakland, CA  94610
Tel: (510)-834-4893

8

9

10

11  Dated: April 25, 2008

12                                   _____/s/ Lawrence L. Szabo_____

13                                   LAWRENCE L. SZABO
Attorney for Appellant

NOTICE OF APPEAL, PAGE 2
ADV. PROC. NO: 07-04110

Entered on Docket
**April 17, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: April 16, 2008**

_____

**RANDALL J. NEWSOME**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re Michael A. Gbadebo,<br><br>       Debtor. | Case No. 00-40301<br>Chapter 11 |
| Michael A. Gbadebo,<br><br>       Plaintiff,<br><br>v.<br><br>Abraham Oshuntola,<br><br>       Defendant. | Adversary Proceeding No. 07-4110 AN |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court upon a Motion for Summary Judgment filed by the Defendant, Abraham Oshuntola, (herein the "*Motion*") pursuant to Federal Rule of Civil Procedure 56(b) and (c), as that Rule is incorporated by Federal Rule of Bankruptcy Procedure 7056. A motion for summary judgment may be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). The relevant facts are not in dispute.

The Debtor filed a Chapter 11 bankruptcy petition on January 19, 2000. The last day to file a proof of claim in this case was May 15, 2000. (*Stip. of Undisputed Facts* ¶¶ 1, 3.) Thereafter, on July 14, 2000, the Debtor filed an Amended Chapter 11 Plan. (Doc. 79, *Amended Chapter 11*

United States Bankruptcy Court
Northern District of California

1    *Plan.*)[1]  The Internal Revenue Service (the "IRS") objected to confirmation of the Amended Plan.

2    (Doc. 91, *Objection to Confirmation Of Amended Plan*.)

3         At an August 30, 2000 hearing on confirmation of the Amended Plan, the Court: **1)**

4    continued the confirmation hearing and scheduled an evidentiary hearing on the IRS' objection for

5    October 4, 2000; and **2)** ordered that if the IRS' objection was resolved prior to October 4th, such

6    hearings would not go forward, and instead an agreed order confirming the Amended Plan could be

7    submitted. (Doc. 97, *Mins. of Hr'g*.)  In late September of 2000, the parties notified the Court that

8    the IRS' objection had been settled, and thereafter submitted a proposed agreed confirmation order

9    signed by the IRS.  This confirmation order was entered on October 26, 2000.[2]  (Doc. 99, *Mins. Of*

10   *Hr'g*; Doc. 100, *Order Confirming Amended Plan*.)  Thereafter, on November 7, 2002, a final decree

11   was entered, and on November 22, 2002, the case was closed.  (Doc. 132, *Final Decree*.)

12        On or about September 7, 2000, during the intervening time between the August 30, 2000

13   confirmation hearing and the October 26, 2000 entry of the confirmation order, Oshuntola loaned the

14   Debtor $93,378.69 for which the Debtor signed a promissory note.  (*Stip. of Undisputed Facts* ¶ 9.)

15   The Debtor did not obtain a court order approving the post-petition loan from Oshuntola, and did not

16   otherwise inform the Court or other creditors of this post-petition debt prior to the confirmation of

17   the plan or the entry of the final decree,.  (*Stip. of Undisputed Facts* ¶¶ 12, 13.)  Oshuntola did not

18   have a pre-petition claim against the Debtor, was not listed as a creditor on the Debtor's bankruptcy

19   schedules, and did not receive formal notice of the claims bar date, the last day to object to

20   confirmation of the plan, or of the plan confirmation hearing date.  (*Stip. of Undisputed Facts* ¶¶ 2,

21   10.)

22        Thereafter, the Debtor repaid Oshuntola about $30,000 on the post-petition loan debt before

23   defaulting on the promissory note.  (*Stip. of Undisputed Facts* ¶ 16.)  In or about November of 2005,

24

25        [1] Unless otherwise indicated, all docket entries referenced herein are to bankruptcy case number 00-40301.

26        [2] The parties' joint *Stipulation of Undisputed Facts* states that the confirmation order was entered on October 26,
     **2002**. (*Stip. of Undisputed Facts* ¶ 7.)  This appears to be a typographical error as the court docket clearly shows that the
27   confirmation order was entered on October 26, 2000. (Doc. 100, *Order Confirming Amended Plan*.)

28                                                          2

1    Oshuntola filed a lawsuit against the Debtor in Alameda County Superior Court (herein the

2    "Superior Court Action"). In August 2007, upon conclusion of a trial of the Superior Court Action,

3    a judgment was entered in favor of Oshuntola and against the Debtor for the balance of the amount

4    owed on the promissory note (herein the "Superior Court Judgment").[3] (*Stip. of Undisputed Facts* ¶

5    17; *Complaint*, adversary proceeding Doc. 1, at ¶¶ 14-15.)

6         In July 2007, the Debtor filed a motion, which the Court granted, to reopen this bankruptcy

7    case to file the instant adversary proceeding. (Doc. 133, *Motion to Reopen Chapter 11 Case*; Doc.

8    134, *Order Granting Motion To Reopen*.) The complaint seeks a judgment that pursuant to §1141(d)

9    of the Bankruptcy Code,[4] the Debtor's post-petition debt to Oshuntola was discharged upon

10   confirmation of the Amended Plan and, therefore, the Superior Court Judgment is void. (*Stip. of

11   Undisputed Facts* ¶ 18; *Complaint,* adversary proceeding Doc. 1, at 3.) Conversely, Oshuntola

12   moves for summary judgment asserting that the Superior Court Judgment was not discharged

13   pursuant to §1141(d), because the Debtor did not provide Oshuntola with *formal* notice of the claims

14   bar date, the last day to object to the Debtor's plan, or the plan confirmation hearing date. (*Memo. of

15   Points and Authorities*, attached to *Motion*, at 4.)

16                                              **Analysis**

17        Pursuant to §1141(d)(1)(A), except as otherwise provided by the Code, the plan, or an order

18   confirming the plan, confirmation of a Chapter 11 plan discharges the debtor from any debt that

19   arose before the date of such plan confirmation. For a pre-confirmation debt to be discharged

20   pursuant to §1141(d)(1)(A), however, due process requires that the creditor be provided formal

21   notice of, *inter alia,* the bar date deadline for filing a proof of claim, the meeting of creditors, the last

22   day to object to the plan, the proposed plan, the notice of the plan confirmation hearing, and the

23   order confirming the plan. *Levin v. Maya Construction Co. (In re Maya Construction Co.)*, 78 F.3d

24

25        [3] The Superior Court Judgment was entered against the Debtor for 84,827.16 British Pounds Sterling. No
     explanation is provided as to why the judgment award is in British pounds, rather than U.S. dollars.

26

27        [4] Unless stated otherwise, statutory references herein are to Title 11 of the United States Code, commonly referred
     to here as the Bankruptcy Code or simply "the Code."

28                                                3

1   1395,1399 (9th Cir. 1996) *cert. denied* 519 U.S. 862 (1996); *Monster Content, LLC v. Homes.com,*

2   *Inc.*, 331 B.R. 438, 442-443 (N.D. Cal. 2005); *see also, Ellett v. Stanislaus*, 506 F.3d 774, 779 (9th

3   Cir. 2007) (as a matter of due process, person whose entitlement to money from debtor will be

4   destroyed by judgment is entitled to notice). "The burden is on the debtor to cause formal notice to

5   be given." *Maya Construction*, 78 F.3d at 1399; *Ellett*, 506 F.3d at 779.  A creditor's actual

6   knowledge of a pending Chapter 11 bankruptcy proceeding involving a debtor is not a substitute for

7   the requirement that formal notice be given.  *Maya Construction*, 78 F.3d at 1399 ("that a creditor

8   has actual knowledge that a bankruptcy proceeding is going forward involving a debtor does not

9   obviate the need for notice"); *see also, Monster Content*, 331 B.R. at 443.  A creditor not provided

10  with formal notice is not bound by confirmation of a Chapter 11 plan that discharges a debtor's pre-

11  confirmation obligations. *Maya Construction*, 78 F.3d at 1399.

12         In contrast to the foregoing, the Debtor asserts that a post-petition creditor's actual

13  knowledge of the pendency of a Chapter 11 bankruptcy case may substitute for formal notice and

14  comprise "sufficient due process" to discharge a debt pursuant to §1141(d) that arose prior to plan

15  confirmation.  The Debtor cites instances in  which actual knowledge was found to satisfy due

16  process. (*Opposition to Motion*, at 5-13.)  The court is not persuaded by the debtor's arguments.

17         In *Sequa Corporation v. Christopher*, 28 F.3d 512 (5th Cir. 1994), the creditor on a debt that

18  arose post-petition and prior to plan confirmation was found to have had actual knowledge of the

19  debtor's then pending Chapter 11 bankruptcy case.  Upon consideration of facts specific to *Sequa*

20  concerning how and when the creditor acquired actual knowledge and to what degree, the Fifth

21  Circuit held that such actual knowledge satisfied due process and the debt was found to have been

22  discharged upon confirmation of the plan. *Sequa*, at 516-519.  Although *Sequa* provides support for

23  the Debtor's position, that case is not binding precedent, and this court declines to follow it.

24         Section 523(a)(3) generally provides that a discharge entered pursuant to §1141 does not

25  discharge an *individual* debtor from certain types of debts that were not listed or scheduled in the

26  debtor's bankruptcy filing.  Such debts may be discharged, however, if the creditor otherwise had

27  notice or actual knowledge of the bankruptcy case so as to timely file a proof of claim and, when

28                                              4

1    required, request a debt dischargeability determination.[5] Here, the Debtor is an individual. As such,

2    the Debtor asserts that the actual knowledge provision of §523(a)(3)(A) should apply to this

3    proceeding. (*Opposition to Motion*, at 6-11.) The Debtor misapplies §523(a)(3).

4        As the Debtor acknowledges, the term "creditor," as utilized by §523(a)(3), refers to an

5    entity that has a claim against the debtor that arose *at or before* the date a bankruptcy case is filed.

6    *See*, §101(10)(A); *In re Sherman*, 491 F.3d 948, 958 (9th Cir. 2007); *In re McClung*, 304 B.R. 419,

7    422 (Bankr. D. Idaho 2004); *In re Cannon*, 741 F.2d 1139, 1141 (8th Cir. 1984). (*Opposition to*

8    *Motion*, at 10-11.) Here, the Debtor's loan debt to Oshuntola *arose post-petition*. Accordingly,

9    §523(a)(3) does not apply, and the Court declines to analogize and apply the §523(a)(3) actual

10   knowledge provision to this proceeding.

11       Finally, §364(b) provides that after notice and a hearing the Court may authorize a Chapter

12   11 debtor-in-possession to incur unsecured debt outside the ordinary course of the debtor's business,

13   and allow the creditor of such debt an administrative expense.[6] A deadline to file a request for

14   allowance of an administrative expense was not set in this case. (*Stip. of Undisputed Facts* ¶ 11.)

15   As such, the Debtor asserts that summary judgment should be denied because Oshuntola could still

16   request that the debt in question be allowed as an administrative expense. If allowed as an

17

18       [5] Section 523(a)(3) states: A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not

19   discharge an individual debtor from any debt – neither listed nor scheduled under section 521(1) of this title, with the name,
     if known to the debtor, of the creditor to whom such debt is owed, in time to permit–

20       (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of

21   claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

22       (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim
     and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor

23   had notice or actual knowledge of the case in time for such timely filing and request.

24       [6] Section 364(a) provides for the obtaining of unsecured credit, and incurring unsecured debt, *in* the ordinary course
     of business. Section 364(b) provides that the court, after notice and a hearing, may authorize the trustee to obtain unsecured

25   credit or to incur unsecured debt *outside* the ordinary course of business, and allow such as an administrative expense under
     §503(b)(1) of the Code. 11 U.S.C. § 364(b) (italics added). Section 364 applies to trustees and, with equal force, to debtors-

26   in-possession. 11 U.S.C. §1107; *Thompson v. Margen (In re McConville)*, 110 F.3d 47, 50 (9th Cir. 1997) *cert. denied* 522
     U.S. 966 (1997). The Complaint alleges that the Debtor "did not incur the alleged debt to Oshuntola in the ordinary course

27   of [the Debtor's] business." (*Complaint*, adversary proceeding, Doc. 1, at ¶ 9.)

28                                                    5

1   administrative expense, the Debtor asserts that the debt would be subject to the administrative

2   expense treatment afforded by the Amended Plan.  If not allowed as an administrative expense, the

3   Debtor asserts the debt could be considered an unsecured claim and accorded the treatment afforded

4   unsecured claims pursuant to the Amended Plan.  As to such a claim, the Debtor asserts Oshuntola

5   "fares well" under the Amended Plan.  (*Opposition to Motion*, at 14.)

6          The Debtor had the burden of providing Oshuntola with formal notice as required by due

7   process and, pursuant to §364, to notify creditors and obtain authorization from this Court before

8   incurring the Oshuntola loan.  He failed to do any of these.  Now, seven years later, after defaulting

9   on repayment of the loan and having a judgment on the debt rendered against him in state court, the

10  Debtor essentially seeks to obviate such failures by asserting that Oshuntola should request

11  allowance of the debt as an administrative expense and seek repayment under the Amended Plan.

12  On the facts of this case, granting the relief requested by the Debtor would validate an evasion of

13  due process and constitute an abuse of the bankruptcy process.  Regardless of whether Oshuntola

14  may "fare well" under the Amended Plan, the Court declines the Debtor's request.

15                                             **Conclusion**

16         The Court finds no genuine issue as to any material fact that the Debtor did not provide

17  Oshuntola with the formal notice required by due process.  Accordingly, as a matter of law, the

18  Court finds the post-petition loan debt at issue here was not discharged upon confirmation of the

19  Amended Plan.  In accordance with the foregoing, the *Motion* is hereby granted, and judgment is

20  hereby entered in favor of Oshuntola and against the Debtor.

21         **IT IS SO ORDERED.**

22                                     **END OF ORDER**

23

24

25

26

27

28                                           6

1

COURT SERVICE LIST

2

3  Lawrence L. Szabo
   3608 Grand Ave. #1
4  Oakland, CA 94610-2024

5  Mark Bostick
   Wendel, Rosen, Black and Dean
6  1111 Broadway 24th Fl.
   P.O. Box 2047
7  Oakland, CA 94604-2047

8  Office of the U.S. Trustee
   1301 Clay St. #690N
9  Oakland, CA 94612

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**APPEAL**

# U.S. Bankruptcy Court
## Northern District of California (Oakland)
## Adversary Proceeding #: 07-04110
### Internal Use Only

*Assigned to:* Judge Randall J. Newsome                    *Date Filed:* 07/24/07
*Related BK Case:* 00-40301
*Related BK Title:* Michael A. Gbadebo
*Related BK Chapter:* 11
*Demand:*
*Nature[s] of Suit:* 65 Dischargeability - other
                     72 Injunctive relief - other
                     91 Declaratory judgment


**Plaintiff**
-----------------------

**Michael A. Gbadebo**                   represented by **Lawrence L. Szabo**
1989 A Santa Rita Rd. #364                              3608 Grand Ave. #1
Pleasanton, CA 94566                                    Oakland, CA 94610-2024
SSN: 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                                        (510)834-4893
                                                        Fax : 510-824-9220
                                                        Email: szabo@sbcglobal.net
                                                        *LEAD ATTORNEY*


V.


**Defendant**
-----------------------

**Abraham Oshuntola**                    represented by **Mark Bostick**
250 Heathfield Drive                                    Wendel, Rosen, Black and Dean
Mitcham CR4 3RJ                                         1111 Broadway 24th Fl.
England                                                 P.O. Box 2047
                                                        Oakland, CA 94604-2047
                                                        (510) 834-6600
                                                        Email: mbostick@wendel.com


| Filing Date | # | Docket Text |
| --- | --- | --- |
| 07/24/2007 | ●1 | Adversary case 07-04110. 65 (Dischargeability - other), 72 (Injunctive |

| | | |
|---|---|---|
| | | relief - other), 91 (Declaratory judgment) Complaint by Michael A. Gbadebo against Abraham Oshuntola. Fee Amount $250. (Attachments: # 1 AP Cover Sheet # 2 Summons to be Issued) (Szabo, Lawrence) Modified on 7/25/2007 REGARDING THE AD COVER SHEET NO BOX CHECKED FOR 72 OR 91. COURT REMOVED THE DEBTOR'S SS# AND TAX ID NUMBER.(jaw, ). (Entered: 07/24/2007) |
| 07/24/2007 | | Receipt of filing fee for Complaint(07-04110) [cmp,cmp] ( 250.00). Receipt number 4466754, amount $ 250.00 (U.S. Treasury) (Entered: 07/24/2007) |
| 07/25/2007 | ❶ | **CORRECTIVE ENTRY** The court removed the debtor's ss# and tax id number.(RE: related document(s)1 Complaint, ). (jaw, ) (Entered: 07/25/2007) |
| 07/26/2007 | ❶2 | Summons Issued on Abraham Oshuntola Answer Due 8/27/2007. Status Conference to be held on 9/19/2007 at 09:30 AM at Oakland Room 220 - Newsome. (jaw, ) (Entered: 07/26/2007) |
| 07/26/2007 | ❶3 | Order Regarding Initial Disclosures and Discovery Conference . (Attachments: # 1 BDRP# 2 Notice to Plaintiff) (jaw, ) (Entered: 07/26/2007) |
| 08/29/2007 | ❶4 | Summons Service Executed on Abraham Oshuntola 8/3/2007 . (Szabo, Lawrence) (Entered: 08/29/2007) |
| 09/14/2007 | ❶5 | Answer to Complaint Filed by Abraham Oshuntola. (Attachments: # 1 Certificate of Service)(Bostick, Mark) (Entered: 09/14/2007) |
| 09/19/2007 | ❶ | Hearing Held 09/19/07 MINUTES OF PROCEEDINGS: ANSWER FILED ON 09/14/07. DISCOVERY CUT OFF 12/21/07. STATUS CONFERENCE CONTINUED TO 01/09/08 AT 9:30 AM. TO COURT TO PREPARE AND ISSUE SCHEDULING ORDER. DMP. (RE: related document(s)1 Adversary case 07-04110. 65 (Dischargeability - other), 72 (Injunctive relief - other), 91 (Declaratory judgment) Complaint by Michael A. Gbadebo against Abraham Oshuntola. Fee Amount $250. (Attachments: # (1) AP Cover Sheet # (2) Summons to be Issued) (Szabo, Lawrence) Modified on 7/25/2007 REGARDING THE AD COVER SHEET NO BOX CHECKED FOR 72 OR 91. COURT REMOVED THE DEBTOR'S SS# AND TAX ID NUMBER.(jaw, )., 2 Summons Issued on Abraham Oshuntola Answer Due 8/27/2007. Status Conference to be held on 9/19/2007 at 09:30 AM at Oakland Room 220 - Newsome. (jaw, )). (Entered: 09/19/2007) |

| 09/22/2007 | ❷6 | Scheduling Order, Order To Continue Hearing on Status Conference (RE: related document(s)1 Complaint filed by Plaintiff Michael A. Gbadebo, 2 Summons Issued). Discovery due by 12/21/2007. Status Conference to be held on 1/9/2008 at 9:30 AM Oakland Room 220 - Newsome for 2, (jaw, ) (Entered: 09/24/2007) |
|---|---|---|
| 09/26/2007 | ❷7 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)6 Scheduling OrderOrder to Continued Hearing, ). Service Date 09/26/2007. (Admin.) (Entered: 09/26/2007) |
| 01/03/2008 | ❷8 | Status Conference Statement *by Defendant* (RE: related document(s)1 Complaint, ). Filed by Defendant Abraham Oshuntola (Attachments: # 1 Certificate of Service) (Bostick, Mark) (Entered: 01/03/2008) |
| 01/09/2008 | ❷9 | Hearing Held 01/09/08 MINUTES OF PROCEEDINGS: MOTION FOR SUMMARY JUDGMENT TO BE FILED WITHIN TWO WEEKS. DMP. (RE: related document(s)1 Adversary case 07-04110. 65 (Dischargeability - other), 72 (Injunctive relief - other), 91 (Declaratory judgment) Complaint by Michael A. Gbadebo against Abraham Oshuntola. Fee Amount $250. (Attachments: # (1) AP Cover Sheet # (2) Summons to be Issued) (Szabo, Lawrence) Modified on 7/25/2007 REGARDING THE AD COVER SHEET NO BOX CHECKED FOR 72 OR 91. COURT REMOVED THE DEBTOR'S SS# AND TAX ID NUMBER.(jaw, )., 2 Summons Issued on Abraham Oshuntola Answer Due 8/27/2007. Status Conference to be held on 9/19/2007 at 09:30 AM at Oakland Room 220 - Newsome. (jaw, )). (Entered: 01/09/2008) |
| 01/23/2008 | ❷10 | Motion for Summary Judgment Filed by Defendant Abraham Oshuntola. (Attachments: # 1 Memorandum of Points and Authorities) (Bostick, Mark) (Entered: 01/23/2008) |
| 01/23/2008 | ❷11 | Stipulation *of Uncontroverted Facts* Filed by Defendant Abraham Oshuntola (RE: related document(s)10 Motion for Summary Judgment/Adjudication filed by Defendant Abraham Oshuntola). (Bostick, Mark) (Entered: 01/23/2008) |
| 01/23/2008 | ❷12 | Request To Take Judicial Notice *in support of Defendant's Motion for Summary Judgment* (RE: related document(s)10 Motion for Summary Judgment/Adjudication). Filed by Defendant Abraham Oshuntola (Bostick, Mark) (Entered: 01/23/2008) |
| 01/23/2008 | ❷13 | Certificate of Service (RE: related document(s)10 Motion for Summary Judgment/Adjudication, 11 Stipulation Refering to Existing Document(s), 12 Request To Take Judicial Notice). Filed by Defendant Abraham Oshuntola (Bostick, Mark) (Entered: 01/23/2008) |

| 01/31/2008 | ●14 | Order Scheduling Briefing (RE: related document(s)10 Motion for Summary Judgment/Adjudication filed by Defendant Abraham Oshuntola). (jaw, ) (Entered: 01/31/2008) |
| 02/02/2008 | ●15 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)14 Order). Service Date 02/02/2008. (Admin.) (Entered: 02/02/2008) |
| 02/19/2008 | ●16 | Brief/Memorandum in Opposition to *Plaintiff's Motion for Summary Judgment* (RE: related document(s)10 Motion for Summary Judgment/Adjudication). Filed by Plaintiff Michael A. Gbadebo (Szabo, Lawrence) (Entered: 02/19/2008) |
| 02/25/2008 | ●17 | Reply to *Opposition to Motion for Summary Judgment* (RE: related document(s)10 Motion for Summary Judgment/Adjudication). Filed by Defendant Abraham Oshuntola (Bostick, Mark) (Entered: 02/25/2008) |
| 04/16/2008 | ●18 | Order Granting Motion for Summary Judgment (Related Doc # 10) (jaw, ) (Entered: 04/17/2008) |
| 04/19/2008 | ●19 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)18 Order on Motion for Summary Judgment/Adjudication). Service Date 04/19/2008. (Admin.) (Entered: 04/19/2008) |
| 04/25/2008 | ●20 | Notice of Appeal to BAP , Fee Amount $ 255. (RE: related document(s)18 Order on Motion for Summary Judgment/Adjudication). Appellant Designation due by 5/5/2008. Transmission to BAP due by 4/28/2008. Filed by Plaintiff Michael A. Gbadebo (Szabo, Lawrence) (Entered: 04/25/2008) |
| 04/25/2008 | | Receipt of filing fee for Notice of Appeal(07-04110) [appeal,ntcapl] ( 255.00). Receipt number 5402500, amount $ 255.00 (U.S. Treasury) (Entered: 04/25/2008) |
| 04/29/2008 | ●21 | Notice of Referral of Appeal to Bankruptcy Appellant Panel (RE: related document(s)20 Notice of Appeal filed by Plaintiff Michael A. Gbadebo). (jaw, ) (Entered: 04/29/2008) |
| 04/29/2008 | ●22 | Transmission of Notice of Appeal to BAP (RE: related document(s)20 Notice of Appeal filed by Plaintiff Michael A. Gbadebo). (jaw, ) (Entered: 04/29/2008) |

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**In Re:** MICHAEL A. GRADEBO          **BAP No.:** NC-08-1118

**Bk. Ct. No.:** 00-40301          **ADV. NO.:** 07-04110

## NOTICE OF TRANSFER OF APPEAL TO DISTRICT COURT

A party to the appeal has timely filed an objection to the disposition of this matter by the Bankruptcy Appellate Panel. See 28 USC Section 158. Consequently, this appeal is herewith transferred to San Francisco District Court.

Please acknowledge receipt of the case file listed above by signing and returning a copy of this transmittal form.

Harold S. Marenus, BAP Clerk

By: Edwina Clay, Deputy Clerk
Date: May 22, 2008

Please acknowledge receipt of
the case file listed above.
Dated:_____

Signed:_____
          District Court Deputy

Assigned District Court No.

_____

cc: Bankruptcy Court
    All Parties

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
1300 Clay St. #300
Oakland, CA 94612

BAP#NC-08-1118

**FILED**

APR 2 9 2008

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

**TRANSMITTAL FORM**

TO:    Bankruptcy Appellate Panel of the Ninth Circuit, 125 S. Grand Avenue, Pasadena, CA, 91105

**RECEIVED**
Harold S. Marenus, Clerk
U. S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

MAY   2 2008

FILED _____

DOCKETED _____

| | |
|---|---|
| CASE NAME: | Michael A. Gbadebo |
| BANKRUPTCY NO.: | 00-40301 |
| ADVERSARY PROCEEDING: | Michael A. Gbadebo  v.  Abraham Oshuntola |
| ADVERSARY NO.: | 07-04110 |
| BANKRUPTCY JUDGE: | Newsome |
| DATE NOTICE OF APPEAL FILED: | 4/25/2008 |
| DATE OF ENTRY OF ISSUE: | 4/17/2008 |
| DATE BANKRUPTCY FILED: | 1/19/2000 |
| NOTICE OF OBJECTION FILED: | |
| DATE OF TRANSMITTAL: | 4/29/2008 |

PLEASE STAMP YOUR CASE NUMBER on a copy of this transmittal form and return the copy to the bankruptcy court.

_Judy Wakerling_
Deputy Clerk Judy Wakerling



# U.S. Bankruptcy Appellate Panel
## of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**To:** Clerk, Bankruptcy Court
**Debtor(s):** MICHAEL A. GRADEBO
**BAP No.:** NC-08-1118
**Bk. Ct. No.:** 00-40301                    **ADV. NO.:** 07-04110

The Bankruptcy Appellate Panel has received and docketed the notice of appeal referenced in the attached transmittal. The BAP case number is indicated above for your information.

If completion of the record has been delayed, please advise us as to the cause of the delay by completing the following checklist and sending a copy of this letter back to us:

**IF THE RECORD ON APPEAL IS COMPLETE, PLEASE SEND THE CERTIFICATE OF READINESS**

Harold S. Marenus, BAP Clerk

**By:** Edwina Clay, Deputy Clerk
**Date:** May 5, 2008

**A) REASONS WHY THE RECORD HAS NOT BEEN COMPLETED. THE FOLLOWING ITEMS HAVE NOT BEEN FILED:**

[ ]   No Filing Fees paid
[ ]   No Designation of Record
[ ]   No Statement of Issues
[ ]   No Notice Regarding the Transcript
[ ]   No Reporter's Transcript(s)

Reporter name:_____
phone:_____
Judge:_____
Transcript date(s):_____

[ ]   No Transcript Fees paid
[ ]   Extension of Time Granted to Reporter:
New deadline:_____
[ ]   Other:_____

**B) DEPUTY CLERK PROCESSING THIS APPEAL**

1. Name:_____
2. Phone:_____
3. Date:_____